**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4374**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL JOEL RIVERA DE JESUS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:23-cr-00005-LCB-1)

───────────

Submitted:  December 18, 2025                    Decided:  December 22, 2025

───────────

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Clifton T. Barrett, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Joel Rivera De Jesus appeals the district court's judgment (1) revoking the three-year probationary sentence the court previously imposed after Rivera De Jesus pled guilty to possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871; 18 U.S.C. § 2; and (2) imposing a 10-month prison term to be followed by 2 years' supervised release. Rivera De Jesus asserts that the imposed sentence is unreasonable because the district court sought only to punish him for his violations, which he argues renders the imposed sentence plainly unreasonable. Finding no error, we affirm.

Upon a finding of a probation violation, the district court may revoke probation and resentence a defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). We apply the same standard of review for probation revocation as for supervised release revocation. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). Thus, a probation revocation sentence should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006).

To determine whether a sentence is plainly unreasonable, we first consider whether the sentence is unreasonable. *Id.* at 438. In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [its] review of original sentences, . . . with some necessary modifications to take into account the unique nature of . . . revocation sentences." *Id.* at 438-39. A sentence imposed upon revocation of probation is procedurally reasonable if the district court considered the

2

Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Moulden*, 478 F.3d at 656.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Ultimately, the district court has broad discretion to revoke probation and impose a sentence up to that maximum. *Moulden*, 478 F.3d at 657. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." *Crudup*, 461 F.3d at 439. With these principles in mind, we conclude that the 10-month sentence is not plainly unreasonable. *See, e.g., Moulden*, 478 F.3d at 656 (recognizing that, unlike a supervised release revocation sentence, a probation revocation sentence "require[s] consideration of all of the § 3553(a) factors").

Accordingly, we affirm the district court's probation revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3